IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | CIVIL NO. 13-00166 SOM/RLP |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION**

Before the court is Plaintiff Galina Ogeone's "Objection to Judge Puglisi's Findings and Recommendation to Deny Plaintiff's Objection to Notice of Removal of Civil Action and Deny Plaintiff's Motion To Remand." ECF No. 36. This court, having conducted a de novo review of Ogeone's objection and the record in this case, concurs with and adopts Magistrate Judge Richard Puglisi's Findings and Recommendation ("F&R").

I.      BACKGROUND

Ogeone, proceeding pro se, commenced this action in state court. The sole Defendant named by Ogeone was "Dentist W. Ruth Yang." Ogeone's Complaint alleges that Ogeone went to Yang for a crown on an upper tooth, and a four-crown bridge on her lower teeth. According to Ogeone, Yang failed to notice that Ogeone's upper tooth was so long that it could not be properly aligned with the lower crowns. Having allegedly paid Yang $3450, Ogeone says that she asked for a refund, that Yang's supervisor agreed to the refund, but that only $2000 was refunded. The

Complaint prays for an additional refund of $1450, payment of $5025 for dental work by a dentist who allegedly redid Yang's work, and punitive damages of $8000.  ECF No. 1.

On April 8, 2013, the United States removed this action, asserting that Yang was providing dental services within the scope of her employment at Kalihi Palama Health Center, a federally funded community health center.  The United States said that it "was provided" with a copy of the Complaint on or about April 4, 2013.  Id.  On April 10, 2013, the United States filed its "Notice of Substitution of United States as Defendant," stating that Yang was employed by the United States, certifying that Yang had acted within the scope of her employment at the time of the actions out of which the Complaint arose, and replacing Yang as Defendant with the United States.  ECF No. 3.

Ogeone sought to have her case remanded to state court.  ECF Nos. 5, 10, 16.

First, Ogeone argued that this court lacked federal question jurisdiction over this action, which Ogeone characterized as an action sounding solely in contract.  Ogeone said that Yang had breached an agreement to refund everything Ogeone paid.

Second, Ogeone additionally argued that the removal had been untimely, because (1) the case had not been removed within thirty days of service of the Complaint on Defendant, as required

by 28 U.S.C. § 1446(b), and (2) the Federal Tort Claims Act, at 28 U.S.C. § 2679(d)(2), allows removal "at any time before trial" but trial allegedly occurred before removal.  ECF Nos. 5, 16, 20, 26.

Besides asserting that Ogeone had paid only $2000 and had been refunded all that she actually paid, the United States responded that Ogeone's Complaint included a negligence claim governed by the Federal Tort Claims Act.  ECF Nos. 18, 24.  The United States also contended that the United States had never been properly served with the Complaint, that service on Yang did not constitute proper service, and that the United States had removed the case within days of learning of Ogeone's lawsuit through the United States Department of Health and Human Services.  ECF No. 18-1.

Magistrate Judge Puglisi, noting that the Complaint sought punitive damages not usually recoverable for a breach of contract, read the Complaint as including a negligence claim and therefore falling under the Federal Tort Claims Act.  He also noted that, because the United States was the proper Defendant under the Federal Tort Claims Act and had not been properly served, removal was timely under 28 U.S.C. § 1446(b).  The Magistrate Judge noted that trial had not occurred in the state court at all and recommended that the motion to remand be denied.

**II.        STANDARD OF REVIEW**

Congress has empowered magistrate judges, upon referral of dispositive pretrial motions by district judges, to conduct hearings and issue findings and recommendations regarding dispositive pretrial motions.  See 28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b) (promulgating rule).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendation made by a magistrate judge.  Fed. R. Civ. P. 72(b).  If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation de novo.  Fed. R. Civ. P. 72(b)(3); Local Rule 74.2.  The district judge may consider the record developed before the magistrate judge.  Local Rule 74.2.

The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a de novo hearing is not ordinarily required.  United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Boulware, 350 F. Supp. 2d 837, 841 (D. Haw. 2004); Local Rule 74.2.

A district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as the judge is satisfied that there is no clear error on the face of the record.  See United States v. Bright,

4

Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

**III.     ANALYSIS**

The court agrees with the Magistrate Judge that the Complaint does include a tort claim. If Ogeone were only asserting a breach of contract, she would not be seeking damages beyond those flowing from Yang's alleged failure to keep what Ogeone says was Yang's promise to refund $3450. Ogeone presents no argument or authority supporting her punitive damage claim as an adjunct to a breach of contract, and her Complaint contains no factual allegations tying any breach of contract to the punitive damage claim. Nor does her Complaint include any factual allegation suggesting that it was Yang's alleged failure to provide a full refund that gave rise to the need for Ogeone to incur an additional $5025 to have dental work redone. In praying for relief that includes the additional $5025, the Complaint appears to be relying on the assertion that Yang was negligent, and that the additional $5025 was incurred to rectify the alleged negligent dentistry, not to rectify Yang's alleged breach of a promise to provide a full refund. The prayer for relief can be squared with the allegations in the Complaint only if Ogeone is asserting a tort claim, although she does also appear to be asserting a contract claim. A case that includes both a federal

question, such as a Federal Tort Claims Act claim, and a state law claim, such as a contract claim, may be removed in its entirety.  28 U.S.C. § 1441 (c)(1)(when a case includes both a federal claim and a state claim, "the entire action may be removed if the action would be removable without the inclusion" of the nonfederal claim).

As to the issue of the timeliness of the removal, this court agrees with the Magistrate Judge that the United States, the proper party for a tort claim against a federal employee, was never properly served and so did not violate the thirty-day deadline for removal.

Moreover, as the Magistrate Judge noted, removal was not barred under 28 U.S.C. § 2679(d)(2), which refers to removal "at any time before trial."  This court issued a Writ of Certiorari to the First Circuit Court, State of Hawaii, seeking the state court records in connection with the removal of the case to this court.  ECF No. 9.  In response, the court received state court documents that included a computerized index of state court proceedings.  ECF No. 25.  That index indicates that, before removal, Ogeone had the Complaint served on Yang, Yang answered the Complaint, Ogeone obtained entry of default and moved for default judgment, Yang moved to set aside the entry of default, and the state court granted Yang's motion to set aside the entry of default.  Three days after the state court set aside

the entry of default against Yang, the case was removed to this court.  The day after the case was removed, Ogeone filed an appeal to the Hawaii Intermediate Court of Appeals.  Ogeone appears to believe that the filing of an appeal somehow establishes that a trial occurred.  She is mistaken.  Nothing in the state court records the court has before it suggest that a trial occurred.  Removal was therefore not barred by the reference to removal "at any time before trial" in 28 U.S.C. § 2697(d)(2).

**IV.    CONCLUSION**

Having reviewed the remand issue <u>de novo</u>, this court adopts the well-reasoned F&R.  The motion to remand is denied, and the case may proceed in this court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 19, 2013.



　　　　　　 /s/ Susan Oki Mollway
　　　　　　Susan Oki Mollway
　　　　　　Chief United States District Judge

Ogeone v. United States; CIVIL NO. 13-00166 SOM/RLP, **ORDER ADOPTING FINDINGS AND RECOMMENDATION**