IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GALINA OGEONE, | ) CIVIL NO. 13-00166 SOM/RLP |
| Plaintiff, | ) |
| vs. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**ORDER DENYING MOTION OF RECONSIDERATION**

Plaintiff Galina Ogeone seeks reconsideration of the Order Adopting Findings and Recommendation. Reconsideration is denied.

The court construes Ogeone's reconsideration motion as brought under Local Rule 60.1, which, unlike Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, applies to motions to reconsider orders other than final judgments. Local Rule 60.1 provides for reconsideration based on the discovery of "new material facts not previously available," an intervening change in law, or manifest error or law or fact. Ogeone does not establish that reconsideration is warranted on any of those grounds.

First, Ogeone says reconsideration is warranted based on what she terms her discovery of new evidence. The new evidence she points to is the "absence of Plaintiff's motion of Removal in the Court's Record." This court was not relying on the existence of a removal motion by Ogeone. In the first place,

removal is typically accompanied by the filing of a notice of removal, not by a motion requiring a ruling by a court.  See 28 U.S.C. § 1446 (referring to a "notice of removal").  In the second place, removal is an action taken by a defendant, not a plaintiff.  Id. § 1446(a) (referring to "[a] defendant or defendants desiring to remove any civil action from a State court").  The reason is clear:  a plaintiff determines what court to file an action in and so has no need to remove a case to a different court.  In the third place, the absence of a motion by Ogeone herself is hardly something that Ogeone can be said to have newly discovered.  Surely she knew before receiving this court's ruling what she had filed and not filed.

Second, Ogeone says that the court overlooked the absence of a defense request or motion of removal.  No request or motion is required for removal, only a notice.  The very first document in the docket sheet bears the title "Notice of Removal of Civil Action."  That document begins:  "Comes now, Defendant Dentist W. Ruth Yang, by and through her undersigned attorney, Florence T. Nakakuni, the United States Attorney for the District of Hawaii and Assistant United States Attorney Harry Yee, and sets forth the following facts on their behalf . . . ."  ECF No. 1.  Attached to the Notice of Removal of Civil Action is a Certificate of Service stating that a copy of the Notice of Removal of Civil Action was mailed to Ogeone.

Third, Ogeone says that, because she objected to everything in the Magistrate Judge's Findings and Recommendation, the court could not accept any part of that document.  Nothing in any statute or rule prohibits a district judge from overruling an objection.  In fact, Local Rule 74.2 specifically states that a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

Determining that Ogeone does not establish that reconsideration is warranted, the court denies her motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 31, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ogeone v. United States; CIVIL NO. 13-00166 SOM/RLP, **ORDER DENYING MOTION OF RECONSIDERATION**