IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | CIVIL NO. 13-00166 SOM/RLP |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING NEGLIGENCE** |
| | ) | **CLAIM; ORDER DENYING MOTION** |
| vs. | ) | **SEEKING LEAVE TO FILE AN** |
| | ) | **AMENDED COMPLAINT** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING NEGLIGENCE CLAIM;**
**ORDER DENYING MOTION SEEKING LEAVE TO FILE AN AMENDED COMPLAINT**

**I.      INTRODUCTION.**

The United States of America has moved to dismiss the Complaint filed by Plaintiff Galina Ogeone. To the extent Ogeone's Complaint asserts a negligence claim, any such claim is dismissed because Ogeone has not exhausted her administrative remedies with respect to such a claim. However, to the extent the Complaint asserts a breach of contract claim, that claim remains for adjudication.

Ogeone's motion seeking leave to file an Amended Complaint against Dr. W. Ruth Yang is denied without prejudice, as the United States has substituted itself for that claim, indicating that it is the proper Defendant for that claim.

**II.     BACKGROUND.**

Ogeone, proceeding pro se, commenced this action in state court on December 21, 2012. The sole Defendant named by Ogeone was "Dentist W. Ruth Yang." Ogeone's Complaint alleged

that Ogeone went to Yang for a crown on an upper tooth, and a four-crown bridge on her lower teeth.  According to Ogeone, Yang failed to notice that Ogeone's upper tooth was so long that it could not be properly aligned with the lower crowns.  Having allegedly paid Yang $3,450, Ogeone says that she asked for a refund, that Yang's supervisor agreed to a full refund, but that only $2,000 was refunded.  The Complaint prays for an additional refund of $1,450, payment of $5,025 for dental work by a dentist who allegedly redid Yang's work, and punitive damages of $8,000.  See ECF No. 1-1.

On April 8, 2013, the United States removed this action, asserting that Yang was providing dental services within the scope of her employment at Kalihi Palama Health Center, a federally funded community health center.  See ECF No. 1.  On April 10, 2013, the United States filed its "Notice of Substitution of United States as Defendant," stating that Yang was employed by the United States, certifying that Yang had acted within the scope of her employment at the time of the actions out of which the Complaint arose, and replacing Yang as Defendant with the United States.  See ECF No. 3.

Ogeone sought to have her case remanded to state court on several grounds.  See ECF Nos. 5, 10, 16.  The court denied that request.  See ECF Nos. 32, 38, and 42.

On August 22, 2013, the United States moved for dismissal of the Complaint. See ECF No. 52. When no timely opposition to that motion was filed, the court contacted Ogeone to check on the status of any such opposition. Ogeone informed court personnel that she intended the arguments raised in connection with her motion for leave to file an amended complaint to be her arguments in opposition to the motion to dismiss.

**II.       STANDARD OF REVIEW.**

The United States seeks dismissal of the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which states: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted

deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitations. Imbler v. Pachtman, 424 U.S. 409 (1976).

**III.   ANALYSIS.**

Having reviewed the arguments raised in ECF No. 54, which Ogeone says is her opposition to the present motion, the court determines that dismissal of any negligence claim asserted in the Complaint is appropriate. However, the court declines to dismiss the breach of contract claim asserted in the Complaint, leaving that claim for further adjudication.

The United States seeks dismissal of the negligence claim asserted in the Complaint, arguing that, to the extent it is asserted under the Federal Torts Claims Act, Ogeone failed to exhaust her administrative remedies before filing this action. To the extent tort-based claims may be asserted under some other statute, the United States argues that Ogeone fails to identify any such statute that waives its sovereign immunity with respect to negligence claims.  See ECF No. 52-1.

Ogeone's opposition to the motion to dismiss, which she says is ECF No. 54, does not directly respond to the arguments raised in the motion.  Instead, Ogeone reiterates her arguments concerning why she believes removal was improper.  See ECF No. 54.

Ogeone does not dispute that she failed to file an administrative claim regarding any potential negligence, as required by 28 U.S.C. § 2675.  In fact, Ogeone states that she did not intend to file any negligence claim at all, which explains why she did not exhaust her administrative remedies.  See ECF No. 54, ¶ 9.  Ogeone does not argue that a negligence claim may be asserted under any other statute establishing that the United States has waived its sovereign immunity. Accordingly, to the extent Ogeone's Complaint can be read as asserting any negligence-based claim, that claim (and any remedy based on her negligence claim) is dismissed.

The dismissal of any negligence claim that may have been asserted leaves for further adjudication Ogeone's contract-based claim that she should have received a full refund. The Government seeks dismissal of that claim, arguing that Ogeone did receive a full refund of amounts she paid for dental work. In evaluating the present motion to dismiss, this court accepts as true Ogeone's factual allegation that she did not receive a full refund. Ignoring disputed material outside of the Complaint, such as the Government's evidence indicating that Ogeone received a full refund, the court denies the motion to dismiss to the extent it is based on Ogeone's alleged receipt of a full refund. The denial of the motion on this point is without prejudice to the filing of a motion for summary judgment based on the same argument. In such a motion, this court's examination of the evidence will allow the court to discern whether there is a question of fact as to whether Ogeone received a full refund of the money she paid for the dental work.

**IV.     CONCLUSION.**

The court dismisses any negligence claim asserted in the Complaint. The court also denies Ogeone's request to file an Amended Complaint asserting a breach of contract claim against the individual dentist employed at the Kalihi Palama Health

Center, ECF No. 54, as the United States has been substituted as the correct Defendant for that claim.

The court decides these matters without a hearing, as allowed by Local Rule 7.2(d).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 30, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ogeone v. United States of America, Civil No. 13-00166 SOM/RLP; ORDER DISMISSING NEGLIGENCE CLAIM; ORDER DENYING MOTION SEEKING LEAVE TO FILE AN AMENDED COMPLAINT