```
                 IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

GALINA OGEONE,                    )    CIVIL NO. 13-00166 SOM/RLP
                                  )
          Plaintiff,              )    ORDER DENYING MOTION TO
                                  )    RECUSE MAGISTRATE JUDGE
     vs.                          )    PUGLISI
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Defendant.              )
_____   )
```

### ORDER DENYING MOTION TO RECUSE MAGISTRATE JUDGE PUGLISI

Plaintiff Galina Ogeone moves to recuse Magistrate Judge Richard Puglisi. The motion is denied.

First, much of the motion concerns actions that Ogeone alleges were taken by United States Attorney Florence Nakakuni. There is no basis for disqualifying a judge based on alleged actions by an attorney.

Second, the actions that Ogeone complains Magistrate Judge Puglisi himself took consist entirely of orders she says he should not have issued. Ogeone's remedy, if she is contending that the orders were not supported by law, is to seek review through the appellate process, not to seek disqualification of the judge.

By way of background, this court notes that Ogeone, proceeding pro se, filed suit in state court against a dentist. The United States removed the case, contending that the dentist was a federal employee and that the United States was the proper defendant. Ogeone thereafter sought to have the case remanded to

state court. When the court denied the motion to remand, Ogeone appealed to the Ninth Circuit, which dismissed the appeal on the ground that the order appealed from was not final or appealable. At this point, having dismissed part of Ogeone's claims, the court has pending before it a contract claim asserted by Ogeone. Ogeone now seeks recusal of Magistrate Judge Puglisi, arguing that a number of his pretrial rulings were improper and suggesting, without pointing to any actual evidence, that there has been ex parte communication between Magistrate Judge Puglisi and the United States Attorney.

Ogeone appears to be seeking Magistrate Judge Puglisi's recusal under 28 U.S.C. § 455(a). Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 does not require that a recusal request be supported by any affidavit or declaration.

Recusal may alternatively be sought under 28 U.S.C. § 144, but § 144 requires submission of "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The declaration must "state the facts and the reasons for the belief that bias or prejudice exists." Id. No such affidavit or declaration having been submitted, this court

treats Ogeone's recusal request as brought under § 455(a), although the court notes that, even if it treated Ogeone's memorandum as if it were a declaration submitted under § 144, the court would not reach a different result.

Ogeone claims that Magistrate Judge Puglisi has "discriminated against her as a Pro-se and Russian citizen." She cites nothing in the record that evidences any bias against pro se litigants or against Russian citizens. She instead infers solely from Magistrate Judge Puglisi's rulings that those rulings must be based on such discrimination. Absent at least some evidence of such a link, this court declines to make the inference Ogeone urges. Ogeone does not even suggest that the alleged bias against pro se litigants and Russians predates the filing of her case. Instead, she appears to be suggesting that the alleged discriminatory animus has arisen in this very case.

In <u>Liteky v. United States</u>, 510 U.S. 540 (1994), the Supreme Court discussed § 455(a) at length. Although <u>Liteky</u> made it clear that any alleged bias or prejudice need not derive from an "extrajudicial source" to warrant recusal for bias or prejudice under § 455(a), <u>Liteky</u> noted the difficulties inherent in any recusal request based on predispositions that allegedly develop in the course of judicial proceedings. The Supreme Court said:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune.

Id. at 555-56.

Ogeone does not identify conduct justifying recusal. First, Ogeone complains that Magistrate Judge Puglisi recommended against remanding the case to state court. Ogeone says that, in so recommending, "Judge Puglisi broke the LAW, he did not follow FRCP, but provided favor to government professional from HHS, to US Attorney Nakakuni and the Defendant." Ogeone's remedy was clearly to seek review, not to seek recusal. In fact, Ogeone did

4

submit her objections to the district judge, who adopted Magistrate Judge Puglisi's recommendation.

Second, Ogeone complains that Magistrate Judge Puglisi amended a scheduling order. She argues that there must have been some kind of secret communication between Magistrate Judge Puglisi and the moving attorney, because, absent such communication, Magistrate Judge Puglisi could not have known what opposing counsel was seeking to have amended. This makes no sense. Like Ogeone herself, Magistrate Judge Puglisi and opposing counsel had access to documents previously filed in this case. In any event, the Magistrate Judge indicated in a minute order that he understood Ogeone to have agreed to the amendment. Indeed, nothing in the recusal motion indicates any specific prejudice to Ogeone flowing from the amendment.

None of the matters raised by Ogeone, either alone or in combination, supports recusal. Even if a judge were to display a negative attitude toward a party, which Ogeone does not suggest occurred, that would not require recusal. As the Supreme Court said in Liteky:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in

5

a bench trial) necessary to completion of the
judge's task.

510 U.S. at 550-51.

Because the record does not support the recusal of Magistrate Judge Puglisi, the court denies Ogeone's motion seeking that recusal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Galina Ogeone v. United States of America; Civil No. 13-00166 SOM/RLP, ORDER DENYING MOTION TO RECUSE MAGISTRATE JUDGE PUGLISI