IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GALINA OGEONE, | ) | CIVIL NO. 13-00166 SOM-RLP |
| --- | --- | --- |
| Plaintiff, | ) ) | ORDER DENYING "MOTION TO RECUSE CHIEF JUDGE MOLLWAY," DOC. NO. 93 |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## ORDER DENYING "MOTION TO RECUSE CHIEF JUDGE MOLLWAY," DOC. NO. 93

### I. INTRODUCTION

Before the court is pro se Plaintiff Galina Ogeone's ("Plaintiff") "Motion to Recuse Chief Judge Mollway" from this action. Doc. No. 93. This Motion was referred to the undersigned under 28 U.S.C. § 144 because it asserts that Chief United States District Judge Susan Oki Mollway ("Judge Mollway") is biased and prejudiced against Plaintiff, and is accompanied by an affidavit attesting that the statements contained in her Motion are true. The matter is suitable for decision under Local Rule 7.2(d) without an oral hearing. Based on the following, the Motion is DENIED.

///

///

## II. **BACKGROUND**

The basis for Plaintiff's assertions of bias and/or prejudice by Judge Mollway are a series of rulings in this action. The court therefore sets forth the background necessary to put the Motion in context.

On December 21, 2012, Plaintiff filed her Complaint in the First Circuit Court of the State of Hawaii naming her dentist, Dr. W. Ruth Yang, as Defendant. *See* Doc. No. 1-1, Compl. The Complaint alleges that Plaintiff was Dr. Yang's patient at the Kalihi Palama Health Center ("KPHC") in 2009-2010, and that Plaintiff was not provided a full refund as promised on dental work with which she was not satisfied. Plaintiff seeks damages encompassing the full refund plus the cost of having another dentist provide the services, and an award of punitive damages.

On April 8, 2013, the United States removed the action to this court, stating that it was provided a copy of the Complaint on or about April 4, 2013. Doc. No. 1. On April 10, 2013, the United States filed a Notice of Substitution of the United States as Defendant. Doc. No. 3. The Notice, filed pursuant to 28 U.S.C. § 2679(d)(1), substituted the United States as Defendant for Dr. Yang based on the assertion that at the time of Plaintiff's dental work, Dr. Yang was

acting within the course and scope of her duties as an employee of KPHC, which is a federally-funded community health center. Doc. No. 3.

Plaintiff sought remand, which Judge Mollway denied in an Order Adopting Findings and Recommendations on July 19, 2013. Doc. No. 38. Judge Mollway explained that the Complaint was removable because it included a tort claim (despite Plaintiff's assertions to the contrary) in light of the Complaint's request for both punitive damages and for the costs of additional dental work performed by a third party. *Id.* at 4-5. Judge Mollway further determined that removal was timely where the United States had not been properly served. *Id.* at 5-7. Judge Mollway later denied Plaintiff's Motion for Reconsideration and Amended Motion for Reconsideration. Docs. Nos. 42, 44.

On September 30, 2013, Judge Mollway dismissed Plaintiff's negligence claim on the basis that Plaintiff had not exhausted her administrative remedies, and further denied Plaintiff's request to file an Amended Complaint to assert a breach of contract claim against Dr. Yang as an individual given that the United States is the correct Defendant for such claim. Doc. No. 56. The Ninth Circuit dismissed Plaintiff's interlocutory appeal of this order for lack of jurisdiction, Doc. No. 63, and the Supreme Court denied her petition for writ of certiorari. Doc. No. 65.

When the action resumed in the district court, the United States sought to continue the trial date and all unexpired deadlines by five months, and to reopen the dispositive motions deadline.  Doc. No. 67.  After Plaintiff proposed her own schedule to which the United States agreed, Magistrate Judge Richard L. Puglisi filed an Amended Rule 16 Scheduling Order.  Doc. No. 72.  Despite the parties' earlier agreement, Plaintiff appealed, arguing that the United States failed to attach the original Rule 16 Scheduling Order and disputing the nondispostive motions deadline.  Doc. No. 73.  Plaintiff also filed a motion for default judgment due to the United States' failure to attach the original Rule 16 Scheduling Order to its Motion to Amend.  Doc. No. 74.  On June 25, 2014, Judge Mollway denied the appeal and denied the motion for default judgment as baseless -- there was no requirement for the United States to provide the original Rule 16 Scheduling Order to the Motion to Amend.  Doc. No. 79.

On September 2, 2014, Judge Mollway denied Plaintiff's "Motion to Move Backscheduled Deadlines for Non-Dispositive Motions on October 21, 2014."  Doc. No. 86.  Judge Mollway explained that Plaintiff's Motion lacked clarity, and did not include a reason to change any deadline.  *Id.*

On September 2, 2014, the United States filed a Motion for Summary Judgment.  Doc. No. 87.  On September 8, 2014, Plaintiff filed a Motion to

Compel Production of Documents. Doc. No. 90. While these Motions were pending, on September 26, 2014, Plaintiff filed her Motion to Recuse. The United States did not file an optional response to the Motion to Recuse. *See* Doc. No. 95.

### III. <u>STANDARD OF REVIEW</u>

The applicable standards for disqualification or recusal of a federal judge are found in 28 U.S.C. §§ 144 and 455. "Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted). The alleged bias, however, "must usually stem from an extrajudicial source." *Id.* The Supreme Court has explained the "extrajudicial source" doctrine:

> For all these reasons, we think that the "extrajudicial source" doctrine, as we have described it, applies to § 455(a). As we have described it, however, there is not much doctrine to the doctrine. The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for "bias or prejudice" recusal, since *some* opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will *not* suffice. Since neither the presence of an

5

extrajudicial source necessarily establishes bias, nor the absence of an extrajudicial source necessarily precludes bias, it would be better to speak of the existence of a significant (and often determinative) "extrajudicial source" *factor,* than of an "extrajudicial source" *doctrine,* in recusal jurisprudence.

*Liteky v. United States*, 510 U.S. 540, 554-55 (1994).

The Supreme Court further explained the rule's application:

First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration -- even a stern and short-tempered judge's ordinary efforts at courtroom administration -- remain immune.

*Id.* at 555-56. Further, "mere conclusory allegations . . . are insufficient to support a claim of bias or prejudice such that recusal is required." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995), as amended (May 24, 1995) (quoting *United States v. Sibla,* 624 F.2d 864, 868 (9th Cir. 1980)).

## IV.  **DISCUSSION**

The basis of Plaintiff's Motion to Recuse is scattered and unclear. Although Plaintiff makes a number of vague assertions that Judge Mollway is prejudiced against Plaintiff and favors the United States, the only *evidence* Plaintiff points to in support of these allegations are Judge Mollway's rulings. In particular, Plaintiff argues that the Judge Mollway is partial to the United States because Judge Mollway (1) allowed the United States to substitute itself as a Defendant for Dr. W. Ruth Yang; (2) denied Plaintiff's Motion to Remand; (3) denied Plaintiff's Motion to Amend the Complaint; (4) denied Plaintiff's Motion to Compel Discovery; and (5) denied Plaintiff's Motion to move back scheduled deadlines. And interspersed amongst discussion regarding these rulings, Plaintiff makes conclusory allegations of bias that are devoid of any facts. *See, e.g.*, Doc. No. 93, Mot. at 4 ("That is the main motivation for Judge Mollwai [sic] impartiality."), at 6 (asserting that Judge Mollway "provid[ed] personal favors related to the judicial office").

Judge Mollway's rulings, however, cannot form the basis of a motion to disqualify -- on their own they are not proof of bias or misconduct, and after review of the record the court easily concludes that Judge Mollway did not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." See *Liteky*, 510 U.S. at 555. Stripping away these rulings from the Motion, left remaining are only Plaintiff's conclusory and unsupported statements of bias. A reasonable person with knowledge of all facts of this case would have simply no reason to conclude that Judge Mollway's "impartiality might reasonably be questioned." See *Pesnell*, 543 F.3d at 1043.

///

///

///

///

///

///

///

///

///

///

///

# V. <u>CONCLUSION</u>

After careful review of the record, the court finds no basis for Judge Mollway's disqualification.  Plaintiff's Motion to Recuse Chief Judge Mollway, Doc. No. 93, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 16, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ogeone v. United States*, Civ. No. 13-00166 SOM/RLP, Order Denying "Motion to Recuse Chief Judge Mollway," Doc. No. 93