IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | CIVIL NO. 13-00166 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| vs. | ) | AND DENYING PLAINTIFF'S |
| | ) | COUNTER-MOTION FOR SUMMARY |
| UNITED STATES OF AMERICA, | ) | JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S COUNTER-MOTION FOR SUMMARY JUDGMENT**

**I.       INTRODUCTION.**

Plaintiff Galina Ogeone originally brought this action in state court against Dr. Ruth Yang of Kalihi-Palama Health Center ("KPHC") for negligence and breach of contract. Ogeone alleges that she received inadequate dental services from Dr. Yang and that KPHC did not fully refund her money after it promised to do so.

Because KPHC is a federally funded health center, the United States (the "Government") took the place of Dr. Yang as Defendant and removed the case to federal court. This court dismissed all negligence claims, leaving for adjudication only the contract-based claim.

The Government now moves for summary judgment, claiming that there is no contract between the United States and Ogeone. In the alternative, the Government claims that, even if a

contract existed, the contract terms have already been fulfilled. In responding to the Government's summary judgment motion, Ogeone requests summary judgment in her own favor. There is some evidence in the record going to each of the elements of a contract. This evidence creates at least a triable issue as to the existence of a contract. Moreover, there are genuine issues of fact as to whether the Government fulfilled the terms of its purported contract with Ogeone. The court therefore denies both parties' summary judgment motions.

## II.        FACTUAL BACKGROUND.

Ogeone, proceeding *pro se*, commenced this action in state court on December 21, 2012. See ECF No. 1-1. In her complaint, Ogeone alleges that Dr. Yang, a dentist at KPHC, did inadequate work on crowns for Ogeone's teeth. Id., PageID # 6. Dissatisfied with the dental work, Ogeone asked for, and says she received, a promise that KPHC would fully refund what she had paid. Id. Ogeone claims that she paid $3,450 for her dental work but was refunded only $2,000. Id.

Dr. Yang's employer, KPHC, is a federally funded community health center. See ECF No. 87-1, PageID # 680. The Government, taking the place of Dr. Yang as Defendant, removed this case to this court. See ECF No. 1, 3. On September 30, 2013, this court dismissed all negligence claims, leaving for

adjudication only Ogeone's claim that she had been promised a full refund.  See ECF No. 56, PageID # 473.

Moving for summary judgment on the claim for breach of contract, the Government asserts that there was no valid contract between the parties.  See ECF No. 87-1, PageID # 685.  The Government argues that, without a valid contract, this court lacks subject matter jurisdiction over the case given the Government's sovereign immunity.  Id., PageID # 682.  Alternatively, the Government argues that, even if there was a contract, the Government fulfilled its terms.  Id., PageID # 691-93.  Ogeone seeks summary judgment in her own favor.  See ECF No. 92.

**III.     SUMMARY JUDGMENT STANDARD.**

When the jurisdictional issue and substantive claims "are so intertwined that resolution of the jurisdiction question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment."  Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).  The "resolution of the jurisdiction facts is akin to a decision on the merits."  Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  Thus, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.  If the summary judgment standard is not

3

met, then the "jurisdictional facts must be determined at trial by the trier of fact." Id.

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Movants must support their position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any

4

genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party may not rely on the mere allegations in the pleadings and instead must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., 809 F.2d at 630. At least some "'significant probative evidence tending to support the complaint'" must be produced. Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)); see also Addisu, 198 F.3d at 1134 ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact.").

In adjudicating summary judgment motions, the court must view all evidence and inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id. When "direct evidence" produced by the moving party conflicts with "direct evidence"

5

produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." Id.

**IV.     ANALYSIS.**

   **A.   There Are Triable Issues as to Whether a Valid Contract Existed Between the Parties.**

Because the Government is generally immune from suit, this court has subject matter jurisdiction over the Government as a defendant only if sovereign immunity has been waived. See United States v. Dalm, 494 U.S. 596 (1990). There must be a waiver of sovereign immunity with respect to each and every claim brought against the Government. See Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008) (holding that a "person attempting to sue a federal agency or officer must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States"); Orff v. United States, 358 F.3d 1137, 1142 (9th Cir. 2004) (holding that "[a]ny claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction"); Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003) (stating that "[a] court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim").

Now that all negligence claims have been dismissed, this court examines whether sovereign immunity has been waived

with respect to the remaining breach of contract claim. The "Little Tucker Act," codified as 28 U.S.C. § 1346, provides such a waiver for a breach of contract claim:

> The district courts shall have original jurisdiction . . . of . . . any other civil action or claim against the Untied States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or **upon any express or implied contract with the United States**.

28. U.S.C. § 1346 a(2) (emphasis added). Thus, to qualify for a Little Tucker Act waiver, a plaintiff's claim "must be for money damages against the United States," and a plaintiff must show that the "source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Matsuo v. United States, 416 F. Supp. 2d 982 (D. Haw. 2006).

In its Motion for Summary Judgment, the Government asserts that there is no Little Tucker Act waiver here because Ogeone cannot establish that there was a contract. See ECF No. 87-1, PageID # 684-85. According to the Government, a contract within the meaning of the Little Tucker Act requires a manifestation of mutual assent between the parties, consideration, and actual authority by a Government representative to bind the Government to the contract. See ECF No. 87-1, PageID # 685. This court concludes that there are triable questions of fact as to whether the alleged agreement

7

between Ogeone and KPHC employees satisfies these requirements. That is, the issue of subject matter jurisdiction intersects the merits of Ogeone's contract claim. Just as the existence of a contract is a prerequisite for subject matter jurisdiction, a contract is a prerequisite for Ogeone to prevail on the merits of her contract claim. When jurisdictional and merits-based issues intersect, a court may try the issues together. See Augustine, 704 F.2d at 1077.

### 1) There is a Question of Fact as to the Mutual Assent Requirement.

A manifestation of mutual assent occurs when parties attach substantially the same meaning to their manifestations such that each party knows or has reason to know the meaning attached by the other. See Local Motion, Inc. v. Niescher, 105 F.3d 1278, 1280 (9th Cir. 1997). An objective standard is used to determine the existence of mutual assent, and a "'party's words or acts are judged under a standard of reasonableness in determining whether he or she has manifested an objective intention to agree.'" Constantino v. U.S. Bank, N.A., No. 09-00066, 2011 WL 4435388, at *4 (D. Haw. 2011) (quoting Standard Mgt., Inc. v. Kekona, 53 P.3d 264, 273 (Haw. App. 2001)); see also Boskoff v. Yano, 217 F. Supp. 2d 1077, 1088 (D. Haw. 2001).

In her "Response to Government's Motion for Summary Judgment of 09-02-2014," Ogeone asserts that Dr. Yang promised to perform the dental procedure for $690 per crown and to "refund

8

money if plaintiff was not satisfied with her dental services."[1] ECF No. 92, PageID # 737. According to Ogeone, when she requested a refund, the director of KPHC, Dr. Keith Larson, agreed to give her a full refund. ECF No. 1-1, PageID # 7. By both parties' accounts, KPHC then refunded $2000 to Ogeone. See ECF No. 92, PageID # 737, ECF No. 87-1, PageID # 689.

The Government argues that Ogeone has failed to show that there was mutual assent between the parties. See ECF No. 87-1, PageID # 689-91. The Government argues that KPHC's refund of $2000 "establishes only the subsequent conduct of the parties," not a mutual intent to enter into any contract. Id., PageID # 689-90. This court must interpret the facts in the light most favorable to Ogeone in deciding the present motion. Viewed in that light, KPHC's refund of $2000 provides some evidence that Dr. Larson thought there was some agreement. This coincides with Ogeone's assertion that Dr. Larson actually did agree to give her a refund. At the very least, there is a

---

[1] Although Ogeone asserts facts without attesting to them as required by Rule 56 of the Federal Rules of Civil Procedure, the court, for purposes of deciding the present motions, considers Ogeone's assertions to the extent it appears that, at trial, Ogeone could offer admissible evidence supporting the assertions. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (holding that, at the summary judgment stage, the court does "not focus on the admissibility of the evidence's form," but "on the admissibility of its contents"). Because Ogeone herself could presumably testify to the matters asserted based on personal knowledge, the court considers her unsworn assertions.

9

triable question of fact as to whether there was a manifestation of mutual intent.

### 2) There is a Question of Fact as to Whether There Was Valid Consideration.

"Consideration" is generally defined as a bargained-for exchange in which one party receives some benefit or the other party suffers a detriment. See Douglass v. Pflueger Hawaii, Inc., 110 Haw. 520, 534 (2006) (citing Gibson v. Neighborhood Health Clinics, Inc., 121 F. 3d 1126, 1130 (7th Cir. 1997)); see also Restatement (Second) of Contracts § 71 (1981) (stating that "[t]o constitute consideration, a performance or a return promise must be bargained for").

When money is paid on a contract and the return consideration fails, that money may be recovered back. See Bank of Am. Nat'l. Trust & Sav. Ass'n v. Hayden, 231 F.2d 595, 601 (9th Cir. 1956) (stating that "[t]he law implies a promise to return or refund money paid upon a consideration which has entirely failed"). When money is paid for goods or services, there is "an implied promise to restore money which the defendant in equity and good conscience should not retain." Id.

The Government argues that Ogeone fails to provide evidence establishing consideration for any agreement. ECF No. 87-1, PageID # 690. Specifically, the Government asserts that Ogeone "did not relinquish any rights, services, or goods in order to attain" the refund. Id. However, both parties agree

10

that Ogeone made some payment for dental work.  See ECF No. 92, PageID # 737, ECF No. 87-1, PageID # 689.  An exchange of money for a service is valid consideration.  It appears that KPHC then continued to hold Ogeone's payment, requiring her to seek a refund.  See ECF No. 92, PageID # 738.  KPHC's alleged retention of Ogeone's money could be viewed as a continuing detriment to Ogeone, constituting consideration.  Viewing in the light most favorable to Ogeone her assertions that KPHC provided unsatisfactory dental services and that she asked for a refund, the court concludes that there is at least a triable issue as to whether Ogeone gave consideration for any promise to refund Ogeone's money.

### 3) KPHC Employees Had Authority To Enter Into A Contract On Behalf Of The Government.

Courts have held that "[a]uthority to bind the [g]overnment is generally implied when such authority is considered to be an integral part of the duties assigned to a [g]overnment employee."  H. Landau & Co. v. United States, 886 F.2d 322, 324 (Fed. Cir. 1989) (quoting J. Cibinic & R. Nash, Formation of Government Contracts 43 (1982)); see also United States v. Bissett-Berman Corp., 481 F.2d 764, 768-69 (9th Cir. 1973) (holding that an agent acting with implied actual authority binds the government to a contract).

The Government argues that Ogeone fails to provide any evidence that Dr. Yang or Dr. Larson had "actual authority to

11

enter into a contract on behalf of the Government." ECF No. 87-1, PageID # 690. According to the Government, "[a] contract with the United States is only valid if the Government representative has the actual authority to bind the Government into a contract." Id., PageID # 687.

The ability to enter into agreements for the rendering of dental services and for disbursing refunds when the services are inadequate is a matter that appears to be part of duties integral to the operation of a health clinic. Even if Dr. Yang did not have the authority to enter into such an agreement, Dr. Larson, as director of KPHC, appears to have had such authority, as he allegedly authorized a refund of $2000 to Ogeone. This alleged action indicates that Dr. Larson could bind the alleged refund agreement.

Ogeone offers at least some evidence of the necessary elements for a valid contract. Such evidence suffices to defeat the jurisdictional portion of the Government's motion.

### B. There Is A Genuine Dispute Of Fact As To Whether the Government Fulfilled The Terms Of the Alleged Contract.

The Government argues that, even if there was a valid contract between the parties, it is entitled to summary judgment because it fulfilled the terms of the contract. ECF No. 87-1, PageID # 691-93. The Government asserts that Ogeone paid a total

of $2,000 for dental services, and that she was refunded that entire amount at her request.  Id., PageID # 692.

Although Ogeone agrees that she was refunded $2,000, she contends that she paid $3,450.  ECF No. 92, PageID # 737. Ogeone provides the affidavit of her daughter, Svetlana Ogeone, who attests that she accompanied her mother to KPHC and paid "around $4000 cash" for the dental services.  ECF No. 52-8, PageID # 444.

While such evidence precludes summary judgment for the Government, it does not suffice to entitle Ogeone to summary judgment.  There is, instead, a genuine dispute as to whether the terms of the alleged contract to refund Ogeone's money were fulfilled.

**V.      CONCLUSION.**

Genuine disputes of fact preclude summary judgment to either party.[2]

---

[2] On October 9, 2014, Plaintiff submitted a second brief responding to Defendant's Motion for Summary Judgment.  See ECF No. 104.  Pursuant to Local Rule 7.4, Plaintiff is only allowed to submit a motion and reply unless the court gives her leave to submit supplemental briefing.  Because Plaintiff did not receive leave of the court to submit further supplemental briefing, the court strikes her "Reply to Defendant's Reply Memorundum [sic] in Support of Defendant's Motion for Summary Judgment of September 30, 2014."  Even if the court considered the unauthorized brief, the court's ruling would be the same, as the unauthorized brief either repeats arguments raised in earlier briefs or rehashes matters from other stages of the litigation that are not in issue on the summary judgment motions.

The court decides these matters without a hearing, as allowed by Local Rule 7.2(d).

IT IS SO ORDERED.
DATED: Honolulu, Hawaii, November 25, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ogeone v. United States of America, Civ. No. 13-00166 SOM/RLP; ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S COUNTER-MOTION FOR SUMMARY JUDGMENT.