```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

GALINA OGEONE,                  )    CIVIL NO. 13-00166 SOM/RLP
                                )
          Plaintiff,            )    ORDER REGARDING PARTIES'
                                )    REMAND DISCUSSION
     vs.                        )
                                )
UNITED STATES OF AMERICA,       )
                                )
          Defendant.            )
_____ )
```

**ORDER REGARDING PARTIES' REMAND DISCUSSION**

      The Government has submitted for the court's review a draft Declaration of Thomas A. Helper that it proposes to file, along with an unfiled Stipulation To Remand Case signed only by the Government's counsel. These documents appear to follow discussions between the parties.

      The court's understanding from the draft Declaration is that Plaintiff hopes this court will order this action remanded. The court suggests that the Declaration correct the reference to "the removal of this case to state court" to be a reference to "the removal of this case to federal court" in the first sentence of Paragraph 4. The court suggests that Paragraph 4 be further amended to delete the words "there was no longer a basis for federal court jurisdiction over the case," to delete the words "Based on this analysis," and to delete footnote 1, and that the following be inserted at the end of the second sentence of Paragraph 4 after the comma following "to remain": "the exercise of federal jurisdiction over the remaining claim became a matter

of the court's discretion pursuant to 28 U.S.C. § 1367, which addresses supplemental jurisdiction."  Once those changes are made, the court suggests that the Declaration be filed.

The court does not think the stipulation should be filed, as Plaintiff has not signed it, and as it is not accurate in stating that this court lacks jurisdiction.  This court's position is that its subject matter jurisdiction must be measured as of the time of the removal.  The court does not lose jurisdiction even if the claim giving rise to subject matter jurisdiction is dismissed.  Instead, the dismissal renders the subsequent exercise of jurisdiction discretionary.  See Allen v. FDIC, 710 F.3d 978, 984 (9th Cir. 2013)(measuring federal jurisdiction at the time of removal); Shaw v. Hughes Aircraft Co., 114 F.3d 1195 (9th Cir. 1997).

Notwithstanding this court's conclusion that it continues to have the discretion to exercise discretion, if the parties are in agreement that this matter should be addressed by the state court, this court has no reason to insist on exercising its discretion to retain this case.  The court will enter an order remanding this case to state court if a corrected Declaration is filed within 4 calendar days of entry of this order and if, within 7 calendar days of entry of this order, it receives no written notice from either party that the party objects to the entry of an order remanding this case to state

court.  In that event, the court will conclude that the Declaration indicates the Government's agreement to a remand and correctly represents Plaintiff's position on remand, which is consistent with Plaintiff's earlier repeated statements in the record to that effect.

Because the court is not being actually presented with a motion by any party, this court is not treating the procedure described in this minute order as a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction" that, under 28 U.S.C. § 1447(c), must be made within 30 days of the filing of the notice of removal under 28 U.S.C. § 1446(a).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 23, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ogeone v. USA, Civil No. 13-00166 SOM/RLP, ORDER REGARDING PARTIES' REMAND DISCUSSION