IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | CIVIL NO. 13-00166 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR NEW |
| | ) | TRIAL |
| vs. | ) | |
| | ) | |
| W. RUTH YANG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR NEW TRIAL**

**I.      INTRODUCTION.**

The court has before it a motion for new trial filed by Plaintiff Galina Ogeone. The motion is denied.

**II.     FACTUAL BACKGROUND.**

The parties are familiar with the factual background of this case. Therefore, the court addresses only the factual matters relevant to the motion presently before the court.

On February 23, 2015, this court held a hearing to settle the jury instructions to be given in the trial concerning Ogeone's claim that Defendant W. Ruth Yang breached an agreement to refund payments made by Ogeone in connection with certain dental work. Ogeone failed to appear at the hearing. See ECF No. 183. Ogeone had emailed court staff to say that she was ill and unable to attend the hearing. After sending that communication, Ogeone failed to respond to multiple phone calls and emails by court staff, although she managed to arrange to

have hard copies of multiple documents filed in over-the-counter transactions with the court on that day. See ECF No. 184; ECF No. 188.

Given Ogeone's failure to attend the hearing on jury instructions for the trial scheduled to begin the next day, this court addressed the jury instructions by minute order and posted a final version of the jury instructions on February 23, 2015. See ECF No. 184. Court staff emailed Ogeone the final jury instructions on the same date.

Trial was held on February 24, 2015. The court invited the parties to place on the record, out of the jury's presence, any objections to the jury instructions and the verdict form. Ogeone stated her objections, focusing on the court's references to an agreement to refund amounts paid for bridge and crown work as erroneous. Ogeone asserted that she was also entitled to a refund of the payment made in connection with a filling by Dr. Yang of one of Ogeone's teeth. The filling was unrelated to the bridge and crown work. Ogeone actually was not complaining that the filling was unsatisfactory, and no evidence was presented at trial that she had ever even requested a refund of the amount she paid for the filling. The court overruled her objections.

The jury determined that Ogeone had failed to show by a preponderance of the evidence that she had paid Defendant more for bridge and crown dental work than the amount she was

refunded. Judgment was entered in favor of Defendant on February 25, 2015. See ECF No. 194.

On March 4, 2015, Ogeone moved for a new trial, arguing that the court had misrepresented her claim in the jury instructions and special verdict form, and had failed to provide her an opportunity to approve the jury instructions after her illness prevented her from attending the February 23 hearing on the settling of jury instructions. See ECF No. 195, PageID # 1448.

**III.     STANDARD.**

Under Rule 59(a) of the Federal Rules of Civil Procedure, this court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59. "Historically recognized grounds [supporting a Rule 59(a) motion] include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal quotation marks omitted).

**IV.     ANALYSIS.**

Ogeone has failed to demonstrate that she is entitled to a new trial.

Ogeone argues that this court misrepresented her claim

in the jury instructions and special verdict form by specifying that the amounts at issue were for bridge and crown dental work. See ECF No. 195, PageID # 1448. According to Ogeone, her claim was not limited to a refund for bridge and crown dental work, but instead concerned a "breach of promise to make full refund." Id.

As this court discussed in rejecting the same argument at trial, Ogeone's Complaint does not support her contention that her claim extended beyond bridge and crown work. The Complaint makes numerous and repeated references to bridge and crown work, and nowhere is there any indication that Ogeone's contention that she was refunded less than she paid related to anything other than bridge and crown work. Ogeone alleged that "Defendant charged Plaintiff $690 per crown and Plaintiff paid [a] total [of] $3450" for five crowns. ECF No. 1-1, PageID # 6. In describing her request for a full refund of $3450, Ogeone makes no mention of any work by Defendant other than the bridge and crown work. See ECF No. 1-1, PageID #s 6-7.

Ogeone appears to be arguing that her reference to a "full refund" is necessarily a reference to a refund of everything she ever paid for dental work by Dr. Yang, including work Ogeone accepted without ever indicating dissatisfaction. The words "full refund" cannot be fairly construed to have the meaning Ogoene posits. "Full refund" requires context to establish what the refund is for. "Full refund" does not mean a

4

refund of "whatever you paid for whatever service you received, even if the service was satisfactory." Ogeone's reading would allow someone who bought a television and a radio from a store to return only the allegedly defective radio for a "full refund" and, while keeping the perfectly satisfactory television, to obtain a refund of amounts paid for both the radio and the television. Nothing in the record suggests that Ogeone sought or that Dr. Yang agreed to refund amounts paid for the filling.

Ogeone cites portions of a minute order by this court and the Government's memorandum in support of its motion for summary judgment, filed when the Government was a party in this case. In those documents, the refund at issue was discussed without reference to bridge and crown work. See ECF No. 195, PageID #s 1448-49. The mere fact that Ogeone's claim was discussed in general terms, without specification of the dental work at issue, does not demonstrate that Ogeone's claim was mischaracterized when described as involving bridge and crown dental work. Bridge and crown work remains the only basis Ogeone's Complaint has ever provided for the refund at issue in this case.

Given the allegations in the Complaint, this court's characterization of Ogeone's claim in the jury instructions and special verdict form was not unfair to Ogeone and does not merit a new trial. Ogeone may not recast her claim at trial or on a

5

motion for a new trial.

Ogeone also contends that she is entitled to a new trial because her illness deprived her of the opportunity to approve the jury instructions. See ECF No. 195, PageID # 1448. As detailed in the factual background section of this order, Ogeone failed to appear at the hearing on the settling of jury instructions and failed to answer any communication from court staff despite being able to arrange for the filing of hard copies of various documents on the same day. This court is sensitive to illnesses parties may face, but a party may not simply decline to attend a scheduled hearing on jury instructions, citing illness, and then make herself entirely unreachable to the court the day before trial, only to later complain about a lack of opportunity to discuss the jury instructions. Ogeone was able to attend the trial and vigorously present her case to the jury.

Even if Ogeone was too ill to attend the hearing on jury instructions and could not possibly have communicated with the court the day before trial, Ogeone is not entitled to a new trial. Ogeone had the opportunity to propose jury instructions prior to the hearing, and she filed papers indicating that she had the benefit of reviewing Defendant's proposed jury instructions prior to submitting her own. See ECF No. 176, PageID # 1366 ("Plaintiff is against Defendant's Jury Instruction No. 8, because Plaintiff had never agreed with Defendant to any

6

certain facts."). The court gave Ogeone a chance to object to the jury instructions and verdict form and addressed Ogeone's objections before the jury was instructed on the law. Ogeone was not entitled to more.

**V.      CONCLUSION.**

Ogeone's motion for a new trial is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 11, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ogeone v. Yang; Civil No. 13-00166 SOM/RLP; ORDER DENYING MOTION FOR NEW TRIAL