IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | CIVIL NO. 13-00166 SOM-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT DEFENDANT'S MOTION FOR AN |
| vs. | ) | AWARD OF ATTORNEYS' FEES, |
| | ) | PURSUANT TO THE JUDGMENT FILED |
| DENTIST W. RUTH YANG. | ) | FEBRUARY 25, 2015, DOCKET NO. |
| | ) | 194 |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION
FOR AN AWARD OF ATTORNEYS' FEES, PURSUANT TO THE
JUDGMENT FILED FEBRUARY 25, 2015, DOCKET NO. 194[1]

Before the Court is Defendant's Motion for an Award of Attorneys' Fees, Pursuant to the Judgment Filed February 25, 2015, Docket No. 194, filed on March 9, 2015 ("Motion").  ECF No. 198.  Before Defendant filed a statement of consultation as required under Local Rule 54.3(f), Plaintiff filed an Objection to the Motion on March 13, 2015.  ECF No. 204.  Defendant filed a Reply on March 17, 2015.  ECF No. 72.  Although Plaintiff was entitled to file an opposition to the Motion within fourteen days after the filing of the statement of consultation, she did not do so.  See ECF No. 200, 206.  The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 54.3(f)

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

of the Local Rules of Practice for the United States District Court for the District of Hawaii.  See ECF No. 200.  After careful consideration of the Motion, the supporting memorandum, declaration, and exhibits attached thereto, Plaintiff's Objection, and the record established in this action, the Court FINDS AND RECOMMENDS that Defendant's Motion be GRANTED.

BACKGROUND

Pursuant to the a jury verdict, judgment was entered in favor of Defendant and against Plaintiff on February 25, 2015. ECF No. 194.  Specifically, the jury determined that Plaintiff did not show by a preponderance of the evidence that she paid Defendant Dentist W. Ruth Yang more than $2,000 for bridge and crown dental work.  See ECF No. 190.  The present Motion followed.

ANALYSIS

Because the court exercised supplemental jurisdiction over Plaintiff's contract claim, the Court must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citing Weinberg v. Mauch, 890 P.2d 277, 290 (Haw. 1995)).

Here, Defendant seeks an award of fees under Hawaii Revised Statutes Section 607-14. Section 607-14 provides that attorneys' fees shall be awarded "in all actions in the nature of assumpsit." Haw. Rev. Stat. § 607-14. Where a defendant obtains judgment in its favor, the fees awarded shall not exceed twenty-five per cent of "the amount sued for." Haw. Rev. Stat. § 607-14. To award attorneys' fees under Section 607-14, the court must determine whether: (A) the action is in the nature of assumpsit; (B) Defendant is the prevailing party; (C) the fees requested are reasonable; and (D) the fees do not exceed twenty-five percent of the amount sued for.

**A. Action in the Nature of Assumpsit**

Defendant asserts that this action is in the nature of assumpsit because it is an action for breach of contract. ECF No. 198-1 at 1-2. Plaintiff does not dispute that this is an action in the nature of assumpsit. Accordingly, Defendant is eligible for an award of attorneys' fees under Section 607-14.

**B. Prevailing Party Status**

Because the jury returned a verdict in Defendant's favor, the Court concludes that Defendant is the "prevailing party" for purposes of Section 607-14. See Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001) ("a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of

fees under HRS § 607-14.").

**C. Reasonable Attorneys' Fees and Costs**

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006). Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. See id. 505-06. In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community. See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 992 P.2d 127, 137 (Haw. 2000).

Here, Defendant only requests an award of $365.50 for work performed by counsel. That amount is twenty-five percent of the amount sued for, which was $1,450. See ECF No. 198-1 at 2-3. Defendant's counsel states that Defendant incurred attorneys' fees far in excess of the $362.50 sought in the Motion. ECF No. 198-2 ¶ 4. Defendant's counsel states that his billing rate is $350 per hour and that he spent considerable time on this case since Defendant was substituted for the United States on February 11, 2015, including more than six hours at trial. Id. ¶¶ 3-4.

4

The only argument presented by Plaintiff in her Objection is that Defendant did not file a settlement offer or set an acceptance deadline prior to trial. See ECF No. 204. However, this argument confuses the requirements for an offer of judgment under Federal Rule of Civil Procedure 68 with a motion for attorneys' fees. Here, Defendant is requesting attorneys' fees pursuant to Hawaii law. There is no requirement that Defendant make any offer regarding such fees prior to trial. See Haw. Rev. Stat. § 607-14. Rule 68's requirements regarding offers of judgment do not apply.

Based on the information provided by Defendant, the Court finds that Defendant has established the appropriateness of an award of attorneys' fees in the amount of $362.50.

### D. Twenty-Five Percent Limitation

Section 607-14 limits the award of attorneys' fees to twenty-five percent of the amount sued for. Haw. Rev. Stat. § 607-14. Plaintiff sought judgment against Defendant in the amount of $1,450, which was the difference between the amount she allegedly paid and the amount she was refunded. See ECF No. 56. The attorneys' fees that this Court recommends be awarded are within the twenty-five percent limitation.

### CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Defendant's Motion for an Award of Attorneys'

Fees, Pursuant to the Judgment Filed February 25, 2015, Docket No. 194 be GRANTED and that Defendant be awarded $362.50 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 7, 2015.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**OGEONE V. YANG; CIVIL NO. 13-00166 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, PURSUANT TO THE JUDGMENT FILED FEBRUARY 25, 2015, DOCKET NO. 194**