IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | CIVIL NO. 13-00166 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING THE MAGISTRATE |
| | ) | JUDGE'S FINDINGS AND |
| vs. | ) | RECOMMENDATION TO GRANT |
| | ) | DEFENDANT'S MOTION FOR AN |
| W. RUTH YANG, | ) | AWARD OF ATTORNEYS' FEES |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

**I.      INTRODUCTION.**

Plaintiff Galina Ogeone objects to the Magistrate Judge's Findings and Recommendation to Grant Defendant's Motion for an Award of Attorneys' Fees, Pursuant to the Judgment Filed February 25, 2015, Docket No. 194 ("F&R").  The court adopts the F&R.

**II.      FACTUAL BACKGROUND.**

On February 24, 2015, trial was held on Ogeone's claim that Defendant W. Ruth Yang breached an agreement to refund payments made by Ogeone in connection with certain dental work. Ogeone contended that she paid Defendant $3,450 for bridge and crown dental work, but was refunded only $2,000.  See ECF No. 56, PageID # 470.

The jury determined that Ogeone had failed to show by a preponderance of the evidence that she paid Defendant more than $2,000, the amount she was refunded, for bridge and crown dental

work.  Judgment was entered in favor of Defendant on February 25, 2015.  See ECF No. 194.

On March 9, 2015, Defendant filed a motion for an award of attorneys' fees pursuant to section 607-14 of Hawaii Revised Statutes.  See ECF No. 198.

Magistrate Judge Richard L. Puglisi filed his F&R on April 7, 2015, recommending that Defendant's motion be granted.  See ECF No. 213.

On April 24, 2015, Ogeone filed objections to the F&R.  See ECF No. 217.

**III.     STANDARD.**

The court reviews de novo those portions of a Magistrate Judge's findings and recommendation to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2.  The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.  Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

**IV.     ANALYSIS.**

This court agrees with the Magistrate Judge that Defendant is entitled to an award of $362.50 in attorneys' fees pursuant to section 607-14 of Hawaii Revised Statutes.

Section 607-14 provides that "[i]n all the courts, in all actions in the nature of assumpsit . . .  there shall be

taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable."  Attorneys' fees awarded pursuant to section 607-14 shall not exceed twenty-five percent of "the amount sued for if the defendant obtains judgment."

### A.    Action in the Nature of Assumpsit.

The court agrees with the Magistrate Judge that this action, involving a breach of contract claim, is in the nature of assumpsit.  See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 884 (9th Cir. 2000) ("It is well settled under Hawai'i law that an action in the nature of assumpsit includes all possible contract claims." (internal quotation marks omitted)).

### B.    Prevailing Party Status.

As a result of the jury verdict and judgment in her favor, Defendant was the prevailing party for the purposes of section 607-14.  See Wong v. Takeuchi, 88 Haw. 46, 49, 961 P.2d 611, 614 (1998) ("Usually the litigant in whose favor judgment is rendered is the prevailing party." (internal quotation marks omitted)).

### C.    Twenty-Five Percent Limitation.

Defendant may not obtain more than twenty-five percent of the amount sued for in attorneys' fees pursuant to section 607-14.  Defendant seeks $362.50, which is twenty-five percent of $1,450, the amount Ogeone sued for.

**D. Reasonableness of Attorneys' Fees.**

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). <u>See</u> <u>DFS Grp. L.P. v. Paiea Properties</u>, 110 Haw. 217, 222, 131 P.3d 500, 505 (2006). Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. <u>See</u> <u>id.</u> at 222–23, 131 P.3d at 505–06. The court may also consider other factors, including the novelty and difficulty of the questions involved and the customary charges of the bar for similar services. <u>See</u> <u>Chun v. Bd. of Trs. of Emps. Ret. Sys. of State of Haw.</u>, 106 Haw. 416, 435, 106 P.3d 339, 358 (2005).

The court finds that defense counsel's hourly rate of $350 is reasonable based on the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.

Defense counsel does not provide the number of hours expended in the litigation of this case, but he does state that Defendant incurred attorneys' fees far in excess of the amount sought. <u>See</u> ECF No. 198-2, PageID # 1473. Given that defense counsel's representation of Defendant at trial on February 24, 2015, was a reasonable expenditure of time that resulted in

charges far exceeding the $362.50 sought here, id., awarding

Defendant $362.50 in attorneys' fees, which covers little more

than an hour's worth of work by Defense counsel, is reasonable.

Ogeone has not challenged the accuracy or reasonableness of

defense counsel's charges.

### E.   Ogeone's Objections.

In opposition to Defendant's motion for an award of

attorneys' fees, Ogeone asserts that: (1) Defendant failed to

file a settlement offer or set an acceptance deadline prior to

trial, and (2) the substitution of W. Ruth Yang for the United

States as Defendant violated federal law.  See ECF No. 204,

PageID # 492.  Neither of these arguments is persuasive.

As the Magistrate Judge noted, Ogeone's first argument

appears to reference Rule 68 of the Federal Rules of Civil

Procedure, which has no bearing on Defendant's request for

attorneys' fees pursuant to section 607-14 of Hawaii Revised

Statutes.

Ogeone's second argument, objecting to the substitution

of Dr. Yang for the United States, similarly fails to address

Defendant's motion for attorneys' fees.  Even if such an argument

were relevant, it would not be successful because, contrary to

Ogeone's contention, the substitution Ogeone complains of did not

violate federal law.

In her objections to the F&R,[1] Ogeone argues that this court lacks subject matter jurisdiction because removal of this action was improper and substitution was illegal. See ECF No. 217, PageID # 1585. Ogeone has unsuccessfully raised these argument in the past. The court rejects Ogeone's arguments once again.

V.      **CONCLUSION.**

Defendant is entitled to an award of $362.50 in attorneys' fees pursuant to section 607-14 of Hawaii Revised Statutes, and this court adopts the F&R.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 4, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ogeone v. Yang; Civil No. 13-00166 SOM/RLP; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

---

[1] Defendant contends that Ogeone's objections to the F&R were untimely. See ECF No. 216, PageID # 1577. The court disagrees. Local Rule 74.2 permits a party to object to a magistrate judge's findings and recommendation within fourteen days after being served with a copy of the magistrate judge's findings and recommendation. Local Rule 6.1, governing the computation of time, refers to Rule 6 of the Federal Rules of Civil Procedure, which provides for the addition of three days after the period that would otherwise apply when a person is served by mail. See Fed. R. Civ. P. 6(d). Ogeone's objections to the F&R were therefore due seventeen days from the filing on April 7, 2015. Her objections, filed on April 24, 2015, were timely.